**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Mundre Flemings,<br><br>                  Plaintiff,<br><br>   v.<br><br>Sunrise Hospital,<br><br>                  Defendant. | Case No. 2:25-cv-01068-JAD-BNW<br><br>**ORDER** |

Pro se plaintiff Mundre Flemings brings this lawsuit regarding alleged discriminatory practices that took place at his place of employment. He moves to proceed *in forma pauperis*. ECF No. 4. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. As a result, his request to proceed *in forma pauperis* therefore will be granted. This Court now screens his complaint (ECF No. 1-1) as required by 28 U.S.C. § 1915(e)(2).

**I.    ANALYSIS**

    **A.    Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

1  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.
2  2014) (*quoting Iqbal*, 556 U.S. at 678).

3        In considering whether the complaint is sufficient to state a claim, all allegations of
4  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
5  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
6  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
7  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
9  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se
10 plaintiff should be given leave to amend the complaint with notice regarding the complaint's
11 deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12       **B.    Screening the complaint**

13       As best as this Court can tell, Plaintiff alleges he was discriminated against under Title
14 VII and the ADA. He also seems to suggest that he was prevented from taking FMLA and
15 retaliated against.

16       Even liberally construing the complaint, this Court finds Plaintiff does not state a claim
17 for relief. That is because he does not provide sufficient factual allegations as to the claims in
18 question. Without additional factual allegations regarding the underlying dispute, this Court
19 cannot evaluate whether Plaintiff's complaint states a claim against Defendant.

20       It appears Plaintiff wishes to allege claims for ADA discrimination and ADA retaliation.
21 This Court will provide Plaintiff with the elements as to each of these claims so that he may
22 allege facts as to each of the different elements.

23            *1. Discrimination under Title VII*

24       To establish a prima facie case of employment discrimination based on race, color,
25 religion, sex, or national origin under Title VII, a plaintiff must show that (1) she belongs to a
26 protected class; (2) she was qualified for the position; (3) she was subject to adverse employment
27 action; and (4) similarly situated individuals outside of her protected class were treated more
28 favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

### 2. ADA Discrimination

To state a colorable claim for disability discrimination under the ADA, Plaintiff must allege that he: (1) is a disabled person under the ADA; (2) is a qualified individual with a disability; and (3) suffered an adverse employment action because of his disability. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1092 (E.D. Cal. 2017).

### 3. FMLA and Retaliation under the FMLA

The FMLA creates two interrelated substantive rights for employees. *Bachelder v. America West Airlines, Inc*., 259 F.3d 1112, 1122 (9th Cir. 2001). First, employees have the right to take up to twelve weeks of leave for certain family-and-medical-related reasons. 29 U.S.C. § 2612(a). Second, employees who take FMLA leave have the right to be restored to the same or equivalent position when they return to work. *Id.* § 2614(a).

Courts recognize two separate causes of action for FMLA claims: (1) interference or (2) retaliation. *Bachelder*, 259 F.3d at 1124. An employee brings an interference claim when she alleges a violation of § 2615(a)(1), which makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" the substantive rights guaranteed by the FMLA. *Sanders v. City of Newport*, 657 F.3d 772, 777 (9th Cir. 2011) (quoting 29 U.S.C. § 2615(a)(1)).

By contrast, an alleged violation of § 2615(a)(2)—under which it is "unlawful for any employer to discharge or in any manner discriminate against any individual for opposing any practice" protected by the FMLA—is known as a retaliation claim. *Id.* (quoting 29 U.S.C. § 2615(a)(2)).

### 4. Instructions for amendment

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case and each defendant's involvement in the case. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each defendant fair notice of his claims against them and of his entitlement to relief.

In addition, Plaintiff must look at the elements for each of his claims closely and allege facts as to each of the elements for each claim. Should he not allege facts as to each of the different elements, his claims will be dismissed.

Lastly, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make his amended complaint complete.

## II.    CONCLUSION

**IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

**IT IS FURTHER ORDERED** that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT IS FURTHER ORDERED** that Plaintiff's complaint be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the deadline to file an amended complaint is October 6, 2025.

DATED: September 4, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE