**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Mundre Flemings,<br><br>　　　Plaintiff<br><br>v.<br><br>Sunrise Hospital, Inc., an HCA Nevada Corporation,<br><br>　　　Defendant | Case No.: 2:25-cv-01068-JAD-BNW<br><br>**Order Granting Unopposed Motion to Dismiss and for a More Definite Statement with Limited Leave to Amend by July 27, 2026**<br><br>[ECF No. 14] |

Pro se plaintiff Mundre Flemings sues his former employer Sunrise Hospital, asserting 27 claims related to his job and ultimate separation from his employment as a registered nurse.[1] The hospital filed a motion to dismiss claims 1–5, 8–20, 22–23, and 27 as untimely or unsupported, and it seeks a more definite statement for claims 25 and 26.[2] Flemings's opposition to that motion was due by July 2, 2026.[3] That deadline passed without any response, leaving the motion unopposed. This court's Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." I apply this rule and deem the plaintiff's failure to respond to the motion as consent to granting it.

---

[1] ECF No. 12 (second amended complaint, mistitled "Complaint in intervention"). The numbering of claims in this pleading is off—there are two third claims for relief and two fifth claims for relief.

[2] ECF No. 14.

[3] ECF No. 15 at 3.

IT IS THEREFORE ORDERED that Sunrise Hospital's motion for partial dismissal and for a more definite statement **[ECF No. 14] is GRANTED.  The following claims from plaintiff's complaint filed on January 5, 2026, are DISMISSED:**

Actual Claim #/plaintiff's claim title and numbering:

1. First Claim for Relief (Hostile Work Environment Based on National Origin in violation of Title VII), for failure to exhaust administrative remedies;

2. Second Claim for Relief (National Origin Discrimination (disparate treatment) in violation of Title VII), for failure to exhaust administrative remedies;

3. Third Claim for Relief (National Origin Discrimination (disparate treatment) in violation of Title VII), for failure to exhaust administrative remedies;

4. (second) Third Claim for Relief (National Origin Discrimination (disparate treatment) in violation of Title VII), for failure to exhaust administrative remedies;

5. Fourth Claim for Relief (Retaliation in violation of Title VII), for failure to exhaust administrative remedies;

8. Sixth Claim for Relief (Race discrimination (disparate treatment) in violation of 42 U.S.C. § 1981) as duplicative;

9. Seventh Claim for Relief (Bad-faith breach-of-contract claim (damages fraud) in violation of 42 U.S.C. § 1981), for failure to state a claim for relief;

10. Eighth Claim for Relief (Tortious discharge in contravention of public policy in violation of 42 U.S.C. § 2000), for failure to state a claim for relief;

11. Ninth Claim for Relief (Unlawful employment practices of public policy in violation of Title VII and Nevada statutes), for failure to state a claim for relief;

12. Tenth Claim for Relief (Retaliation in violation of 42 U.S.C. § 1981), for failure to state a claim for relief;

13. Eleventh Claim for Relief (Tortious Discharge in violation of 42 U.S.C. § 1981), for failure to state a claim for relief;

14. Twelfth Claim for Relief (Hostile Work Environment based on National Origin in violation of the NERC, NRS 233.010, NRS 233.180), for failure to exhaust administrative remedies;

15. Thirteenth Claim for Relief (National Origin Discrimination (Disparate Treatment) in violation of NERC, Nev. Gov't Code § a, NRS 613.330, 233.010 Declaration of Public Policy), for failure to exhaust administrative remedies;

16. Fourteenth Claim for Relief (Retaliation in violation of Nevada State Law), for failure to exhaust administrative remedies;

17. Fifteenth Claim for Relief (Failure to prevent discrimination and harassment in violation of the NERC, Nevada Public Policy NRS 233.010), for failure to exhaust administrative remedies;

18. Sixteenth Claim for Relief (Tortious Discharge in violation of the NERC, NRS 613.330, NRS 613.340), for failure to exhaust administrative remedies;

19. Seventeenth Claim for Relief (Tortious Discharge in violation of Nevada Public Policy), for failure to exhaust administrative remedies;

20. Eighteenth Claim for Relief (Wrongful termination in violation of NRS 613.200), for failure to state a claim for relief;

22. Twentieth Claim for Relief (Retaliation in violation of NRS 613.340), for failure to exhaust administrative remedies;

23. Twenty-First Claim for Relief (Negligent training supervision), for failure to state a claim for relief;

27. Twenty-Fifth Claim for Relief (Failure to provide reasonable accommodations Title 42 Sec. 12101), for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED that the following two claims are dismissed with leave to amend for want of a more definite statement:**

25. Twenty-Third Claim for Relief (Spotters: right of employee to be confronted with accuser and penalty); and

26. Twenty-Fourth Claim for Relief (Retaliation or discrimination against employees and certain other persons).

**The plaintiff has until July 27, 2026, to file a third amended complaint that supplies further clarity about these two claims**, and the plaintiff should refer to the motion to dismiss and for a more definite statement [ECF No. 14] for additional guidance on what is missing.  **If the plaintiff fails to file a third amended complaint by that deadline, this case will proceed on the following claims only:**

6. Fifth Claim for Relief (Constructive discharge in violation of Title VII);

7. (second) Fifth Claim for Relief (Hostile Work Environment based on race in violation of 42 U.S.C. § 1981);

21. Nineteenth Claim for Relief (Immediate payment of employee discharged or placed on nonworking status); and

24. Twenty-Second Claim for Relief (Denial of FMLA).

If the plaintiff chooses to file a third amended complaint to provide the needed more definite statement, he should include these non-dismissed claims in order to retain them, and he

4

should carefully renumber his claims accordingly.  An amended complaint supersedes any prior complaint and must contain all claims that the plaintiff wishes to pursue (unless they have been dismissed by the court without leave to amend, as many claims in this case have).

_____
U.S. District Judge Jennifer A. Dorsey
July 7, 2026

5