**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Mundre Flemings,<br><br>Plaintiff<br><br>v.<br><br>Sunrise Hospital, Inc., an HCA Nevada Corporation,<br><br>Defendant | Case No.: 2:25-cv-01068-JAD-BNW<br><br>**Order Granting Motion for Partial Dismissal and More Definite Statement with Leave to Amend by October 30, 2026**<br><br>[ECF No. 14] |

Pro se plaintiff Mundre Flemings sued his former employer Sunrise Hospital, asserting 27 claims related to his job and ultimate separation from his employment as a registered nurse. The hospital filed a motion to dismiss some claims as untimely or unsupported and for a more definite statement of others.[1] The court granted that motion prematurely when Flemings's request to extend his deadline to oppose it was delayed in the mail.[2] So the original order granting the motion to dismiss was set aside, and on July 28, 2026, the court gave Flemings until August 27, 2026, to file a full and complete opposition.[3] Flemings did not file an opposition to the motion to dismiss in compliance with that order, and on September 4, 2026, Sunrise Hospital filed a notice alerting the court to this lack of opposition.[4] Flemings has since filed nothing.

---

[1] ECF No. 14.

[2] ECF No. 18.

[3] ECF No. 36.

[4] ECF No. 42.

This court's Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." I apply this rule and deem the plaintiff's failure to file a full and complete opposition to the motion as consent to granting it.

IT IS THEREFORE ORDERED that Sunrise Hospital's motion for partial dismissal and for a more definite statement **[ECF No. 14] is GRANTED. The following claims from plaintiff's second amended complaint filed on January 5, 2026,**[5] **are DISMISSED:**

<u>Actual Claim #/plaintiff's claim title and numbering</u>:

1. First Claim for Relief (Hostile Work Environment Based on National Origin in violation of Title VII), for failure to exhaust administrative remedies;

2. Second Claim for Relief (National Origin Discrimination (disparate treatment) in violation of Title VII), for failure to exhaust administrative remedies;

3. Third Claim for Relief (National Origin Discrimination (disparate treatment) in violation of Title VII), for failure to exhaust administrative remedies;

4. (second) Third Claim for Relief (National Origin Discrimination (disparate treatment) in violation of Title VII), for failure to exhaust administrative remedies;

5. Fourth Claim for Relief (Retaliation in violation of Title VII), for failure to exhaust administrative remedies;

8. Sixth Claim for Relief (Race discrimination (disparate treatment) in violation of 42 U.S.C. § 1981) as duplicative;

---

[5] ECF No. 12. This second amended complaint is mistitled "Complaint in intervention." The numbering of claims in this pleading is off—there are two third claims for relief and two fifth claims for relief.

10. Eighth Claim for Relief (Tortious discharge in contravention of public policy in violation of 42 U.S.C. § 2000), for failure to state a claim for relief;

11. Ninth Claim for Relief (Unlawful employment practices of public policy in violation of Title VII and Nevada statutes), for failure to state a claim for relief;

12. Tenth Claim for Relief (Retaliation in violation of 42 U.S.C. § 1981), for failure to state a claim for relief;

13. Eleventh Claim for Relief (Tortious Discharge in violation of 42 U.S.C. § 1981), for failure to state a claim for relief;

14. Twelfth Claim for Relief (Hostile Work Environment based on National Origin in violation of the NERC, NRS 233.010, NRS 233.180), for failure to exhaust administrative remedies;

15. Thirteenth Claim for Relief (National Origin Discrimination (Disparate Treatment) in violation of NERC, Nev. Gov't Code § a, NRS 613.330, 233.010 Declaration of Public Policy), for failure to exhaust administrative remedies;

16. Fourteenth Claim for Relief (Retaliation in violation of Nevada State Law), for failure to exhaust administrative remedies;

17. Fifteenth Claim for Relief (Failure to prevent discrimination and harassment in violation of the NERC, Nevada Public Policy NRS 233.010), for failure to exhaust administrative remedies;

18. Sixteenth Claim for Relief (Tortious Discharge in violation of the NERC, NRS 613.330, NRS 613.340), for failure to exhaust administrative remedies;

19. Seventeenth Claim for Relief (Tortious Discharge in violation of Nevada Public Policy), for failure to exhaust administrative remedies;

20. Eighteenth Claim for Relief (Wrongful termination in violation of NRS 613.200), for failure to state a claim for relief;

21. Nineteenth Claim for Relief (Immediate payment of employee discharged or placed on nonworking status);

22. Twentieth Claim for Relief (Retaliation in violation of NRS 613.340), for failure to exhaust administrative remedies;

23. Twenty-First Claim for Relief (Negligent training supervision), for failure to state a claim for relief;

24. Twenty-Second Claim for Relief (Denial of FMLA); and

27. Twenty-Fifth Claim for Relief (Failure to provide reasonable accommodations Title 42 Sec. 12101), for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED that the following three claims are dismissed with leave to amend for want of a more definite statement:**

9. Seventh Claim for Relief (Bad-faith breach-of-contract claim (damages fraud) in violation of 42 U.S.C. § 1981), for failure to state a claim for relief;

25. Twenty-Third Claim for Relief (Spotters: right of employee to be confronted with accuser and penalty); and

26. Twenty-Fourth Claim for Relief (Retaliation or discrimination against employees and certain other persons).

**Plaintiff Mundre Flemings has until October 30, 2026, to file a third amended complaint that supplies further clarity about these three claims**, and he should refer to the motion to dismiss and for a more definite statement [ECF No. 14] for additional guidance on what is missing from these three claims. Flemings is cautioned that the claims that have been

dismissed without leave to amend by this order may not be included in his third amended complaint. **If the plaintiff fails to file a third amended complaint by that deadline, this case will proceed on the following claims only (which the defendant did not seek to dismiss):**

6. Fifth Claim for Relief (Constructive discharge in violation of Title VII); and

7. (second) Fifth Claim for Relief (Hostile Work Environment based on race in violation of 42 U.S.C. § 1981).

If Flemings chooses to file a third amended complaint to provide the needed more definite statement, he must also include these non-dismissed claims in order to retain them, and he should carefully renumber his claims accordingly. An amended complaint supersedes any prior complaint and must contain all claims that the plaintiff wishes to pursue (unless they have been dismissed by the court without leave to amend, as many claims in this case have).

U.S. District Judge Jennifer A. Dorsey
October 1, 2026